UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MILLER, TARA KANE | No. 2:13-cv-00581-MCE-KJN |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| SAFECO INSURANCE COMPANY OF AMERICA; FIRST NATIONAL INSURANCE COMPANY OF AMERICA; Does 1 through 20, inclusive, | |
| Defendants. | |

Plaintiffs Edward Miller and Tara Kane (collectively "Plaintiffs") initially filed suit against Safeco Insurance Company of America ("Safeco") and First National Insurance Company of America ("First National" and collectively "Defendants") in the Superior Court of California for the County of Sacramento alleging two causes of action: (1) breach of the implied covenant of good faith and fair dealing; and (2) breach of written contract. On March 25, 2013, Defendants removed the action to federal court based on diversity jurisdiction. Presently before the Court is Defendants' Motion for Summary Judgment ("Motion"). Defendants' Notice of Motion states that Defendants move for "an order granting summary judgment on [P]laintiffs' causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing." (ECF No. 12 at 1.)

However, Defendants' Reply Memorandum of Points and Authorities appears to alternatively seek partial summary judgment by stating, "[e]ven if the Court does not grant summary judgment on [P]laintiffs' breach of contract claim, it should grant summary judgment on the bad faith claim." (ECF No. 15-1 at 8.)  For the reasons stated below, Defendants' Motion is denied as to both causes of action.[1]

## BACKGROUND

Since May 2010, Plaintiffs have rented a home in Orangevale, California. Plaintiffs insured their personal property at their rented residence in Orangevale, California under a renter's insurance policy with Defendants.  In addition to the renter's insurance policy, Plaintiff Miller also held a  homeowners policy on property in Vacaville, California.  (Decl. Edward Miller, Exhibit A, ECF No. 13-3 at 6.)  The policy number for the renter's policy is "OM2385243," while the policy number for the Homeowners policy was "OM2394918."  See (Decl. Edward Miller, ECF No. 13-3 at 3.); (Ex. A, ECF No. 13-3 at 6.); (Notice of Nonrenewal, Ex. A to Complaint, ECF No. 12-3 at 12.)

On February 9, 2012, Defendants sent Plaintiffs a Notice of Nonrenewal explaining that Defendants "will not be able to renew [Plaintiffs'] Homeowners insurance policy." (Notice of Nonrenewal, Ex. A to Complaint, ECF No. 12-3 at 12.)  Although the Notice of Nonrenewal referred to a "Homeowners Policy," the policy number listed in the Notice in fact belonged to Plaintiffs' renter's policy for their residence in Orangevale. Plaintiffs read the Notice of Nonrenewal; however, they "both concluded that [the] notice did not relate to, and had no bearing upon, their renters insurance policy with Defendants." (Opposition, ECF No. 13 at 3.)  Rather, Plaintiffs believed that the Notice of Nonrenewal referred to the homeowners insurance policy for the property in Vacaville. (Id.)

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

Indeed, the Notice of Nonrenewal refers to a "Homeowners" policy twice in the Notice. (ECF No. 12-3 at 12.)  Accordingly, Plaintiff Miller believed "that he needed to take no further action upon receiving [the] notice" because he "already sold the Vacaville, California residence by the time he received the Feb. 9, 2012" Notice of Nonrenewal. (ECF No. 13 at 3.)

On June 26, 2012, a burglary of Plaintiffs' rented residence in Orangevale, California resulted in the loss of "tens of thousands of dollars worth of personal possessions: everything from high-end electronics to family heirlooms and keepsakes." (Complaint, ECF No. 12-3 at 8.)  After reporting the loss, Defendants informed Plaintiffs that the loss is not covered because the "policy was not renewed." (Decl. Robert J. Scott, Jr., Ex. 2, ECF No. 12-3 at 14.)  Plaintiffs claim that at all relevant times, they "believed that their policy of renter's insurance with Defendants was in full force and effect." (Complaint, ECF No. 12-3 at 7.)

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp., 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995).

///

///

The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

///

///

///

1  In other words, the judge needs to answer the preliminary question before the evidence
2  is left to the jury of "not whether there is literally no evidence, but whether there is any
3  upon which a jury could properly proceed to find a verdict for the party producing it, upon
4  whom the onus of proof is imposed." Id. at 251 (quoting Improvement Co. v. Munson, 81
5  U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen
6  the moving party has carried its burden under Rule [56(a)], its opponent must do more
7  than simply show that there is some metaphysical doubt as to the material facts."
8  Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not
9  lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for
10 trial.'" Id. at 587.
11     In resolving a summary judgment motion, the evidence of the opposing party is to
12 be believed, and all reasonable inferences that may be drawn from the facts placed
13 before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at
14 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
15 obligation to produce a factual predicate from which the inference may be drawn.
16 Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd,
17 810 F.2d 898 (9th Cir. 1987).
18
19                              **ANALYSIS**
20
21     **A.     Notice of Nonrenewal**
22
23     California Insurance Code section 678 requires that "[a]t least 45 days prior to
24 policy expiration, an insurer shall deliver to the named insured or mail to the named
25 insured . . . a notice of nonrenewal of the policy." Cal. Ins. Code § 678(a)(2) (West
26 2013). Section 678 "requires that the insurer's notice . . . be provided in a 'plain, clear
27 and conspicuous writing.'" Everett v. State Farm Gen. Ins. Co., 162 Cal. App. 4th 649,
28 663 (2008) (citing Fields v. Blue Shield of Cal., 163 Cal. App. 3d 570, 583(1985)).

In the instant action, Plaintiffs contend that when they "saw that the Feb. 9, 2012 notice of nonrenewal referred to their 'Homeowners policy' not once but in two (2) places . . . both [Plaintiffs] concluded that the notice did not relate to, and had no bearing upon, their renters insurance policy with Defendants." (Opposition, ECF No. 13 at 3.) Indeed, a renewal letter Defendants sent to Plaintiffs on January 30, 2011 specifically referenced Plaintiffs' "Renters policy." (Decl. Tara Kane, Ex. A, ECF No. 13-4 at 7.) Therefore, Plaintiffs "believed that the February 9, 2012 notice of nonrenewal referred to a policy of homeowners insurance with Safeco for a home they once owned in Vacaville, California." (Id.) Plaintiff Miller maintains that "because he had already sold the Vacaville, California residence by the time he received the Feb. 9, 2012 notice of nonrenewal of his 'Homeowner's policy,' [ he believed] that he needed to take no further action upon receiving" the Notice of Nonrenewal. (ECF No. 13 at 3.)

Defendants, on the other hand, contend that the Notice of Nonrenewal "complie[s] with the statutory requirements" set forth in section 678. (Mem. P. & A. Supp. Mot. Summ. J. at 10, ECF No. 12-1.) Defendants assert that "the reference to 'Homeowners Policy' in the Notice" does not render the Notice of Nonrenewal ineffective.[2] (Reply, ECF No. 15-1 at 5.) Plaintiffs' counter argument is that "[t]here is no provision in Section 678 or elsewhere that allows a carrier to mislabel a notice of nonrenewal (i.e., call an auto policy a homeowners policy, or call a renters policy a homeowners policy) and then rely upon that mislabeled notice in order to deny an insured's claims." (ECF No. 13 at 7.).

The issue of whether the Notice of Nonrenewal provided clear and conspicuous notice to Plaintiffs that their "Renters policy" will not be renewed presents a material fact in dispute.

///

---

[2] Defendants cite a Ninth Circuit case that found an insurer's letter terminating a trust's insurance policy provided adequate notice even though the notice was addressed to the wrong trust. Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1136 (9th Cir. 1998). However, the Court finds Solomon distinguishable from the instant action because it was "undisputed" in Solomon that the trust "correctly understood the notice." Id. at 1134. In the instant action, the parties dispute whether or not Plaintiffs correctly understood the Notice of Nonrenewal because the Notice referred to a "Homeowners Policy" rather than a "Renters Policy."

1  Indeed, "the actions of [D]efendants in sending" a previous letter that specifically
2  referenced Plaintiffs' renters policy "may have confused [Plaintiffs] as to the status of
3  [their] policy." Lee v. Indus. Indem. Co., 177 Cal. App. 3d 921, 925 (1986).  In other
4  words, "it cannot be said as a matter of law that the [Notice of Nonrenewal] provided
5  [clear and] conspicuous notice" to Plaintiffs. Trujillo v. Nationwide Ins. Co. of Am., No.
6  2:12-cv-02958-MCE-CMK, 2013 WL 3339058 at *6 (E.D. Cal. July 2, 2013).
7  Accordingly, Defendants' Motion in regard to Plaintiffs' breach of contract claim is
8  denied.

### B.     Breach of Implied Covenant of Good Faith and Fair Dealing

"Every contract imposes on each party an implied duty of good faith and fair dealing." Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co., 90 Cal. App. 4th 335, 345 (2001).  "When an insurer unreasonably and in bad faith withholds payment on a claim of its insured, it is subject to liability." McCoy v. Progressive West Ins. Co., 171 Cal. App. 4th 785, 792 (2009).  The "linchpin of a bad faith claim is that the denial of coverage was unreasonable." Id. at 793.  An "insurer is not entitled to judgment as a matter of law where, viewing the facts in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably." Id. at 794.

Defendants contend that "[t]he existence of a 'genuine dispute' [here] precludes [Plaintiffs] from establishing the required element of unreasonable conduct on the part of [Defendants], and thus, defeats [Plaintiffs'] claim for bad faith."  (ECF No. 12-1 at 11.) The "genuine issue rule in the context of bad faith claims allows a [trial] court to grant summary judgment when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable." McCoy, 171 Cal. App. 4th at 794.  However, in the instant action, the parties dispute "that the basis for [Defendants'] denial of benefits was reasonable." Id.  Specifically, the parties dispute whether it is reasonable to deny an insured's claim based on a mislabeled notice of nonrenewal.

7

Viewing the facts in the light most favorable to Plaintiffs, the Court finds the issue of whether or not Defendants acted reasonably in denying Plaintiffs' claim regarding the June 26, 2012 burglary is a determination for a jury to make.  The Court cannot say as a matter of law, as it must in order to grant summary judgment on this claim, that it was unreasonable for Defendants to withhold payment on the basis of a Notice of Nonrenewal that inaccurately described the policy as one providing homeowners insurance rather than renter's insurance.  Accordingly, Defendants' Motion in regard to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is denied.

**CONCLUSION**

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 12) is DENIED.

Dated:  November 26, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT